**KAUFMAN AND BROAD–SOUTH BAY, Plaintiff,**

v.

**UNISYS CORPORATION, et al., Defendants.**

**No. C–92–20677 RPA.**

United States District Court, N.D. California.

Nov. 30, 1994.

---

See also 822 F.Supp. 1468.

J. Martin Robertson, Gray, Carey, Ware & Freidenrich, Palo Alto, CA, for plaintiff Kaufman and Broad–South Bay.

Martin Kresse, McKenna & Cuneo, San Francisco, CA, for defendant Unisys Corp.

Susan Heriman, Keker & Van Nest, San Francisco, CA, for defendant Doudell Trucking Co. and Diamond Tank and Transp. Lines.

### ORDER RE MOTION FOR PRE–TRIAL DETERMINATION OF ISSUES

AGUILAR, District Judge.

Plaintiff Kaufmann and Broad–South Bay, Inc. ("K & B") moves for a pre-trial determination of certain issues relating to its Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) action against defendants Unisys Corporation ("Unisys"), Doudell Trucking Company ("Doudell"), and Diamond Tank and Transportation Lines, Inc. ("Diamond"). The court has read the moving and responding papers and heard the oral argument of counsel. Set forth below is the court's ruling on the issues raised in K & B's motion.

## BACKGROUND

In 1989, K & B, a real-estate development company, purchased for residential development 100 acres of real property located in Milpitas, California. In 1988, prior purchasing the property, K & B had discovered hundreds of barrels of toxic waste buried on the property. In 1989, the California Regional Water Quality Control Board issued an abatement order to K & B, requiring investigation and remediation of the property, and protection of water under and around the property. Since then, K & B has spent more than $26 million cleaning up the property.

K & B filed this CERCLA action to recover at least a portion of these clean-up costs from defendants, who allegedly bear some responsibility for contamination of the property. Doudell and Diamond allegedly transported the waste to the property, while Unisys is the successor-in-interest to the alleged originator of the waste, Memorex Corporation.

## ANALYSIS

### 1. Joint and Several Liability Under CERCLA

 CERCLA provides for two different kinds of legal actions by which parties can recover some or all of the costs associated with clean-ups: a cost recovery action under 42 U.S.C. § 9607(a), and a contribution action under 42 U.S.C. § 9613(f)(1). The question here is whether a potentially responsible party ("PRP") under CERCLA is restricted to bringing a contribution claim under § 9613(f) or whether it may also pursue a cost recovery action under § 9607(a).[1] The answer has import because liability is joint and several for cost recovery actions but merely several for contribution actions. See O'Neil v. Picillo, 883 F.2d 176, 178 (1st Cir.1989) cert. denied, 493 U.S. 1071, 110 S.Ct. 1115, 107 L.Ed.2d 1022; United States v. Conservation Chemical Co., 619 F.Supp. 162, 229 (W.D.Mo. 1985).

 K & B takes the position that a private PRP is free to bring a cost recovery action as long as it has initiated a clean-up voluntarily and not as a result of civil actions brought by the United States or a state. The defendants, on the other hand, maintain that only innocent parties may sue for full cost recovery under § 9607(a), and that liable parties under CERCLA are limited to bringing contribution actions under § 9613.

Section 9607(a) makes covered parties under CERCLA "liable for ... all costs of removal or remedial action incurred by [government entities and] any other necessary costs of response incurred by any other person consistent with the national contingency plan." Section 9613(f)(1) provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a)" for response costs. The First Circuit recently sought to clarify the distinction between these two provisions in *United Technologies v. Browning–Ferris Industries, Inc.*, 33 F.3d 96 (1st Cir.1994). In that case, the court held that a responsible party under CERCLA is restricted to bringing a contribution claim under § 9613. *Id.* at 99. In reaching this conclusion, the court began by defining the term "contribution" appearing in § 9613(f). Giving the term its customary legal meaning, the court defined "contribution" as "an action by and between jointly and severally liable parties for an appropriate division of payment one of them has been compelled to make." *Id.* at 99 (quoting *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir.1994)). The court then adapted this definition to CERCLA cases and concluded that an action by a responsible party to recover response costs from another responsible party is a contribution action under § 9613(f). By contrast, the court characterized actions brought by innocent parties—parties who are not themselves subject to CERCLA liability—as cost recovery actions under § 9607(a). After distinguishing cost recovery from contribution actions, the court held that the two types of

---

**1.** CERCLA lists as potentially responsible parties anyone who (1) presently owns or operates a hazardous waste site; (2) owned or operated the site when hazardous materials were disposed of there; (3) arranged for the disposal of wastes at the site; or (4) transported wastes to the site for disposal. 42 U.S.C. §§ 9607(a)(1)–(4).

actions are "distinct and do not overlap." *Id.* at 100. In support of this conclusion, the Court pointed out that the provision in CERCLA governing the limitations period for cost recovery actions—§ 9613(g)(2)—is entitled "Actions for recovery of costs." The court reasoned that this phrase suggests full recovery of costs and that "it is sensible to assume that Congress intended only innocent parties to ... recoup the whole of expenditures." *Id.* In addition, the court recognized that allowing a liable party to pursue a cost recovery action would swallow the three year limitations period for contribution actions found in § 9613(g)(3). If cost recovery actions and contribution actions are not viewed as separate and distinct avenues of recovery, a responsible party could avoid the three year limitations period for contribution actions by simply labeling its action a cost recovery action under § 9607, which has a six year limitations period. *See* § 9613(g)(2).

Although not binding on this court, *United Technologies* is certainly persuasive authority. Numerous cases which have addressed the same issue are in accord with the First Circuit's holding. *See Akzo, supra,* 30 F.3d at 764 (defining suit by one responsible party against another as a contribution action); *Amoco Oil Co. v. Borden, Inc.,* 889 F.2d 664, 672 (5th Cir.1989) (when one party sues another responsible party for its share of response costs, the claim is one for contribution); *Transtech Industries, Inc. v. A & Z Septic Clean,* 798 F.Supp. 1079, 1087 (D.N.J. 1992) (same).

K & B construes the *United Technologies* holding narrowly, arguing that it applies only to actions brought by responsible parties who have been sued by the United States or a state under § 9607 or § 9606 of CERCLA. According to K & B, a responsible party who voluntarily incurs cleanup costs is entitled to

assert a cost recovery action under § 9607(a).[2] While it is true that the plaintiff in *United Technologies* had been sued by the EPA, nothing in that case suggests that responsible parties which have not been subject to a government enforcement actions are entitled to bring suit under § 9607(a). Rather *United Technologies* clearly holds that only innocent parties may bring cost recovery actions and makes no distinction between liable parties who have been forced to incur cleanup costs and those who have done so voluntarily. *Id.* Thus, any and all responsible parties, even those who have expended response costs voluntarily, are confined to bringing contribution actions under § 9613(f).

Although *United Technologies* intimates that only federal or state governments may sue for full cost recovery under § 9607(a), it is clear that in certain circumstances private parties can sue under § 9607(a). *See Akzo Coatings, supra,* 30 F.3d at 764. *In Akzo Coatings,* plaintiff Akzo, a company which had generated of hazardous waste, cleaned up a site at the behest of the EPA and then sued other PRPs—some of which had entered into settlement agreements with the government—to recoup its expenses. Akzo attempted to label its suit a § 9607(a) cost recovery action, ostensibly to avoid the ban on seeking contribution from parties who have settled with the EPA. *See* § 9613(f)(2). The Seventh Circuit rejected Akzo's attempt to characterize its claim as a cost recovery action, but acknowledged that there are situations where private parties can sue under § 9607(a) for full cost recovery:

> Akzo argues that its suit is really a direct cost recovery action brought under section 107(a) rather than as suit for contribution under section 113(f)(1); and it is true that section 107(a) permits any "person"—not

**2.** K & B, relying on *United States v. Kramer,* 757 F.Supp. 397 (D.N.J.1991), argues that allowing a private party who voluntarily remediates a site to bring a cost recovery action under § 9607(a) promotes the important CERCLA policy of encouraging the voluntary cleanup of hazardous waste sites. Under this theory, a private liable party will be more likely to initiate a cleanup on its own if it knows it will have the opportunity to gain a windfall by recovering all of its costs— including the costs properly attributable to it-

self—under § 9607(a). The problem with this argument is that the "windfall" incentive is illusory. Although a party who had voluntarily cleaned up a site would initially be able to recoup all of his costs from other responsible parties under § 9607(a), the other liable parties could compel him to pay his ratable share by bringing contribution actions against him under § 9613. Any windfall would be ephemeral and provide no real incentive.

just the federal or state governments—to seek recovery of appropriate costs incurred in cleaning up a hazardous waste site. 42 U.S.C. § 9607(a), subpart (B). Yet, Akzo has experienced no injury of the kind that would typically give rise to a direct claim under section 107(a)—it is not, for example, a landowner forced to clean up hazardous materials that a third party spilled onto its property or that migrated there from adjacent lands. Instead, Akzo itself is a party liable in some measure for the contamination at the [site], and the gist of Akzo's claim is that the costs it has incurred should be apportioned equitably amongst itself and the others responsible ... That is a quintessential claim for contribution.

*Akzo Coatings*, 30 F.3d at 764.

While *Akzo* demonstrates that an innocent private party is entitled to bring suit under § 9607(a), the reality is that the vast majority of private parties will be limited to suing for contribution under § 9613(f). This is so because CERCLA imposes liability on virtually every private party who would have a reason to recoup cleanup costs. Therefore, a CERCLA plaintiff, other than the government, will rarely be "innocent" and thus permitted to sue under § 9607(a). The example mentioned is *Akzo Coatings* is one situation where a private party would have a direct cost recovery action under § 9607(a): a neighboring landowner who incurs response costs as a result of a threatened release and migration of hazardous materials from adjacent property. In such a case, the landowner is not liable under CERCLA because he is neither a current nor a past owner or operator of a hazardous waste site. Another example is that of a PRP who can successfully assert one of the affirmative defenses enumerated in § 9607(b).[3] For instance, if the EPA sues to compel an owner of a hazardous waste site to remediate the contamination

and the owner incurs response costs but ultimately establishes that a third party was solely responsible for the contamination, then the owner would not be a liable party under CERCLA and would be entitled to seek full recovery of his cleanup costs under § 9607(a).

█ In this case, K & B, as a current owner of a site, is a potentially responsible party under CERCLA. 42 U.S.C. § 9607(a)(1). K & B is therefore relegated to bringing a contribution action unless it can successfully establish its innocence under § 9607(b) by proving that an act of third party was the sole cause of the contamination.[4] It appears that the only possible way for K & B to do this is by invoking the "innocent landowner exception" enumerated in § 9601(35)(B), which allows a party who acquired property after it has been contaminated and who did not know or have reason to know of the contamination to avoid liability on the basis of the § 9607(b) third party defense. In order to qualify as an innocent landowner and take advantage of the third party defense, K & B must establish that (1) it acquired the facility after the initial deposit of the hazardous substances; (2) at the time of its acquisition, it did not know and had no reason to know that any hazardous substance was deposited at the facility; and (3) once the presence of the hazardous substance became known, it exercised due care under the circumstances. 42 U.S.C. § 9601(35)(A), 9607(b); *In re Hemingway Transport*, 993 F.2d 915, 932 (1st Cir.1993). If K & B succeeds in establishing its innocence within the meaning of the statute, then it will be entitled to seek full recovery of its costs under § 9607(a). Otherwise, it is limited to bringing a contribution action under § 9613(f).

## CONCLUSION

Only a party who is not itself liable under CERCLA may bring a cost recovery action

---

**3.** To establish a defense to CERCLA liability a "person" must show by a preponderance of the evidence that the release of a hazardous substance and the resulting damage were caused solely by (1) an act of God; (2) an act of war; or (3) an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly

or indirectly with the defendant. 42 U.S.C. § 9607(b).

**4.** It is clear that the other two affirmative defenses listed in § 9607(b)—that the release was caused by act of God or an act of war—do not apply here.

under § 9607(a). A liable party is restricted to bringing a contribution claim pursuant to § 9613(f). Liability is joint and several under § 9607(a) and merely several under § 9613(f).

IT IS SO ORDERED.