T H AGRICULTURE & NUTRITION CO., INC., a Delaware corporation, Plaintiff,

v.

ACETO CHEMICAL CO., INC., et al., Defendants.

No. CV–F–93–5404 OWW DLB.

United States District Court, E.D. California, Fresno Division.

March 12, 1995.

Richard W. Raushenbush, Latham and Watkins, San Diego, CA.

James Arthur Bruen, Stephen C. Lewis, Landels Ripley and Diamond, San Francisco, CA.

John T. Ronan III, Sedgwick Detert Moran and Arnold, San Francisco, CA.

Michael A. Kahn, Folger and Levin, San Francisco, CA.

Stephen M. Kristovich, Munger Tolles and Olson, Los Angeles, CA.

Edward Patrick Sangster, McKenna and Cuneo, San Francisco, CA.

Linnea Brown, Holme Roberts and Owen, Denver, CO.

Paula Amanda, Southern Pacific Transp. Co., San Francisco, CA.

James F. Thacher, Thacher Albrecht and Ratcliff, San Francisco, CA.

Mary Ann Aguirre, Freeman Garcia and Aguirre, Modesto, CA.

Kimberly Leue Bick, Morrison and Foerster, Irvine, CA.

Ronald George Aronovsky, Orrick Herrington and Sutcliffe, San Francisco, CA.

Peter Simshauser, Skadden Arps Slate Meagher and Flom, Los Angeles, CA.

Edward Charles Meara, Seth A. Ribner, Coudert Brothers, Los Angeles, CA.

Christopher M. Brunwin, Kirkland and Ellis, Los Angeles, CA.

Reed S. Oslan, Kirkland and Ellis, Chicago, IL.

Susan Shumway, Shumway and Merle, Southport, CT.

Mary L. Rotunno, Pillsbury Madison and Sutro, San Francisco, CA.

Paul B. Galvani, Ropes and Gray, Boston, MA.

Michelle T. Dillione, Wilmington, DE.

Glenn J. Holder, Baker Manock and Jensen, Fresno, CA.

Diane Shell Campbell, Law Offices of Diane S. Campbell, Roseville, CA.

Richard Michael Aaron, Dowling Magarian Aaron and Heyman, Fresno, CA.

Clement L. Glynn, Glynn Cella and Lange, Walnut Creek, CA.

Steven S. Rosenthal, Morrison and Foerster, Washington, DC.

## MEMORANDUM OPINION AND ORDER RE: CERTAIN DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; STAUFFER CHEMICAL COMPANY AND RHÔNE–POULENC MOTION FOR PARTIAL SUMMARY JUDGMENT

WANGER, District Judge.

### I. Introduction

Defendants Eli Lilly & Company, Montrose Chemical Corporation of California, PureGro Company, Hercules, Inc., Miles, Inc., and Rhône–Poulenc Basic Chemicals (collectively "Certain Defendants") move for partial summary judgment against plaintiff T H Agriculture & Nutrition Company's ("THAN") claims for relief under 42 U.S.C. § 9607(a)(2) and (3), and claims for joint and several liability. Defendants Ciba–Geigy Corporation ("Ciba") and Olin Corporation ("Olin") join in the motion. Plaintiff THAN opposes the motion.

Defendants Stauffer Chemical Company and Rhône–Poulenc, Inc., (collectively "Stauffer") move for partial summary judgment on the issue of CERCLA liability of the Stauffer Chemical Company for materials shipped by Stauffer to the Site. THAN has submitted a "Notice of Qualified Nonopposition to Stauffer's Motion for Partial Summary Judgment."

## II. Background

THAN owned and operated an agricultural chemical formulating, packaging, and warehousing facility in Fresno, California ("the Site"). THAN has filed suit against its former customers (including the Certain Defendants and Stauffer) and former owners of the Site (Olin and Ciba) seeking cost recovery and contribution for clean up costs at the Site under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq.*, ("CERCLA") and the California Hazardous Substance Account Act, Cal.Health & Safety Code §§ 25300, *et seq.* ("CHSAA").

## III. Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue of fact exists when the nonmoving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252–56, 106 S.Ct. 2505, 2512–14, 91 L.Ed.2d 202 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *Id.* at 249, 106 S.Ct. at 2510–11.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of

the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex*, 477 U.S. at 322–323, 106 S.Ct. at 2552.

"Questions of statutory construction and legislative history present legal questions which are properly resolved by summary judgment." *Coyote Valley Band of Pomo Indians v. United States*, 639 F.Supp. 165, 167 (E.D.Cal.1986); *see also Asuncion v. District Director*, 427 F.2d 523, 524 (9th Cir. 1970).

## IV. Discussion

### A. Certain Defendants' Motion

The Certain Defendants base their summary judgment motion on the undisputed material fact that THAN has stipulated that it is a liable party under CERCLA.[1] The Certain Defendants argue that as an admittedly liable party, THAN cannot maintain a cost recovery action under CERCLA § 107(a), and that liability under CERCLA § 9613(f)(1) is several only, not joint and several.[2]

### 1. Question of Law is Appropriately Resolved on Motion for Partial Summary Judgment

THAN's first argument in opposition to partial summary judgment is that the determination of joint and several liability is unnecessary and inappropriate at this time. THAN argues that the determination should not be made without a factual record, and that a determination now will not streamline the litigation and will discourage settlement by obstreperous defendants.

 THAN's first argument is unconvincing. It is a question of law whether a party with admitted CERCLA-liability may recover under CERCLA § 107(a) and whether liability under CERCLA § 113(f)(1) is several or joint and several. Such questions are

---

1. The Certain Defendants also argue that joint and several liability is inconsistent with the Order Regarding Application of the Uniform Comparative Fault Act to Settlements, filed March 8, 1994. By its own terms, the Order applies only to settlements, and it is not relevant to this motion.

2. The Certain Defendants also argue that THAN is not entitled to impose joint and several liability on the defendants under the CHSAA. This argument is not disputed by THAN. (*See* THAN's Opposition at 3 n. 1.)

appropriately resolved in a motion for partial summary judgment. *See Coyote Valley*, 639 F.Supp. at 167. *Allied Corp. v. Acme Solvents Reclaiming*, 691 F.Supp. 1100 (N.D.Ill. 1988), is the only case cited by THAN in support of the argument that the determination between several and joint and several liability should await the development of a factual record.

In *Allied*, plaintiffs and defendants[3] were customers of the waste-disposer defendant Acme. The court held that it could not determine whether joint and several liability was available to the plaintiffs until the resolution of certain equitable factual issues. 691 F.Supp. at 1115. In making this determination, the court relied upon a string of cases "involv[ing] the scope of liability as between the government and responsible parties." *Id.* at 1117. The court found only two cases on the scope of liability between potentially responsible parties ("PRPs"). One of these, *Sand Springs Home v. Interplastic Corp.*, 670 F.Supp. 913 (N.D.Okla.1987), held that PRPs are jointly and severally liable to other PRPs.[4] The other case, *United States v. Conservation Chem. Co.*, 619 F.Supp. 162 (Mo.1985), held that a PRP's claim against other PRP's was only for contribution. The *Allied* court decided to delay decision on whether liability would be several or joint and several until additional evidence was adduced regarding the "Gore factors." [5]

■ While detailed, the reasoning of the *Allied* court is not convincing. The so-called "Gore factors" (named for the unadopted Gore Amendment) were examples of the "equitable factors" referred to in CERCLA § 113(f)(1)—on contribution. By the construction of the CERCLA statute, the equitable factors are relevant only to the *amount* of a PRP's liability (under a claim for contribution), not the *form*—several or joint and several—of liability.

**3.** Except for defendant Acme, which was not involved in the motions regarding joint and several liability.

**4.** As noted below, *Sand Springs* does not support the proposition for which it was cited by the *Allied* court. The court in *Sand Springs* first concluded that CERCLA provided for joint and several liability *among responsible parties*. *See*

■ THAN's argument that a determination of the type of liability now will not streamline the litigation and will discourage settlement by recalcitrant defendants is also unconvincing. If it is determined that the THAN can only maintain a contribution action, the litigation is streamlined by the elimination of THAN's claims for joint and several liability. If, as a matter of law, defendants cannot be held jointly and severally liable to THAN, it would be an abuse of discretion, if not unethical, for the court to refrain from deciding this question in order to "encourage" the defendants to settle upon terms offered by THAN.

2. Liability of PRPs to a CERCLA-liable Plaintiff

■ The Certain Defendants argue that a CERCLA-liable plaintiff can only pursue a contribution action against other PRPs. THAN argues that it may pursue joint and several liability against all non-settling defendants.

■ Federal common law governs the interpretation of CERCLA provisions. *See, e.g., Louisiana–Pacific Corp. v. Asarco, Inc.*, 909 F.2d 1260, 1263 (9th Cir.1990) (applying federal common law to determine successor liability under CERCLA); *Smith Land & Improvement Corp. v. Celotex Corp.*, 851 F.2d 86, 91 (3rd Cir.1988) (same), *cert. denied*, 488 U.S. 1029, 109 S.Ct. 837, 102 L.Ed.2d 969 (1989). While THAN's suggestion to apply comparative fault principles to CERCLA is not unreasonable—THAN's recovery would be reduced by the amount of its own equitable share, plus (because of the adoption of the UCFA for settlements) the equitable share of all settling defendants, and all non-settling defendants would be jointly and severally liable for the remaining amount (*see* THAN Opposition at 8–9)—THAN cites no case in which a federal court has done so.

670 F.Supp. at 915. The court went on to hold that *between* responsible parties, a contribution claim would apply. *See id.* at 916.

**5.** Impliedly, the *Allied* court's decision supports THAN's later argument that liability is joint and several.

California law does not determine the nature of relief to which THAN is entitled under CERCLA. To this end, THAN's citation to *American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978), is not helpful.

The Certain Defendants cite a large body of caselaw in which a plaintiff PRP is limited to an action for contribution: *United Technologies Corp. v. Browning–Ferris Indus.*, 33 F.3d 96, 101 (1st Cir.1994) ("[B]earing in mind that appellants are by their own admission liable parties, their claim against Browning must be classified as an action for contribution), *cert. denied*, —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995); *Akzo Coatings v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir.) ("Akzo itself is a party liable in some measure for the contamination at the Fisher–Calo site, and the gist of Akzo's claim is that the costs it has incurred should be apportioned equitably amongst itself and the others responsible. [Citation omitted.] That is a quintessential claim for contribution."); *In re Dant & Russell, Inc.*, 951 F.2d 246, 249 (9th Cir.1989) (holding that CERCLA § 9613(f)(1) applies when a plaintiff has admitted CERCLA liability); *Amoco Oil Co. v. Borden, Inc.*, 889 F.2d 664, 672 (5th Cir.1989) ("As an owner of a facility that continues to release a hazardous substance, Amoco shares joint and several liability for remedial actions with Borden. [Citations omitted.] When one liable party sues another to recover its equitable share of the [CERCLA] response costs, the action is one for contribution...."); *Kaufman & Broad–South Bay v. Unisys Corp.*, 868 F.Supp. 1212, 1216 (N.D.Cal.1994) ("While *Akzo* demonstrates that an innocent private party is entitled to bring suit under § 9607(a), the reality is that the vast majority of private parties will be limited to suing for contribution under § 9613(f).... [A] CERCLA plaintiff, other than the government, will rarely be 'innocent' and thus permitted to sue under § 9607(a)."); *Folino v. Hampden Color & Chem. Co.*, 832 F.Supp. 757, 764 (D.Vt.1993) ("This action, between two liable parties, appears to be appropriately treated as one for contribution."); *City and County of Denver v. Adolph Coors Co.*, 829 F.Supp. 340, 346 (D.Colo.1993) (citing *Amoco Oil*, with approval); *United States v. ASARCO, Inc.*, 814 F.Supp. 951, 956 (D.Colo.1993) ("Where a liable party has incurred response costs for which it is jointly liable, and then attempts to exercise its statutory right to recover another party's share of that common liability, the claim is one for contribution."); *Transtech Indus. v. A & Z Septic Clean*, 798 F.Supp. 1079, 1086 (D.N.J. 1992) (citing *Amoco Oil*, with approval), *appeal dismissed*, 5 F.3d 51 (3rd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2692, 129 L.Ed.2d 823 (1994).

THAN cites *United States v. Kramer*, 757 F.Supp. 397, 416–17 (D.N.J.1991), and *Chesapeake & Potomac Telephone Co. v. Peck Iron & Metal Co.*, 814 F.Supp. 1269, 1277 (E.D.Va. 1992), for the contrary proposition: that a CERCLA liable party is not precluded from seeking joint and several liability against other PRPs.

The reasoning of *Kramer* is unpersuasive, and *Kramer* is not binding authority. The *Kramer* court held that "section 107 permits a PRP ... to collect all its response costs, even those that that same PRP may be required to pay back to other PRPs as its equitable share in a section 113 proceeding." 757 F.Supp. at 416. The reason for allowing this temporary "windfall" was to "serve[ ] as an incentive for private parties to clean up hazardous waste sites, knowing that by then prevailing in a section 107 action, they will be reimbursed perhaps in excess of what might be shown in a section 113 action to have been their equitable share." *Id.* at 416–17. All that the *Kramer* opinion actually accomplishes is another round of litigation—as defendant PRPs counterclaim against the plaintiff PRP to effectuate their recovery. Such an approach guarantees inefficiency, potential duplication, and prolongation of the litigation process in a CERCLA case.

*Chesapeake* does not support THAN's argument. While that court permitted the PRP plaintiff to maintain its action under CERCLA § 107(a), the court noted, "The Court will, of course, retain jurisdiction over this matter throughout its contribution phase, and will apportion liability in an equitable fashion at that time." 814 F.Supp. at 1277. In contrast to *Kramer*, the *Chesa-*

*peake* court stated, "The Court is in general agreement with the defendants that a plaintiff, . . . itself liable under CERCLA, *should not benefit from starting the cleanup operation unilaterally and being the first to the courthouse door* to sue its confederates in environmental misbehavior." *Id.* (emphasis added).

Other cases cited by THAN as holding that a CERCLA-liable party can bring an action for joint and several liability against other PRPs are similarly flawed.[6] In some of these cases, it is not apparent that the defendants ever raised or contested the issue. *See, e.g., Lincoln Properties Ltd. v. Higgins*, 36 E.R.C. 1228, 1246–47, 1993 WL 217429 (E.D.Cal.1993); *FMC Corp. v. United States Dep't of Commerce*, 786 F.Supp. 471, 486 (E.D.Pa.1992), *aff'd*, 29 F.3d 833 (3rd Cir.1994) (en banc). In others, the plaintiff had not admitted CERCLA liability. *See, e.g., Barton Solvents Inc. v. Southwest Petro–Chem Inc.*, 38 Env't Rep.Cas. (BNA) 1022, 1025, 1993 WL 382047 (D.Kan.1993); *City of Philadelphia v. Stepan Chem. Co.*, 544 F.Supp. 1135, 1142 (E.D.Pa.1982). In still others, the court allowed or required defendants to bring contribution actions against the plaintiff. *See, e.g., Mead Corp. v. United States*, 1994 WL 733567, *8, 1994 U.S.Dist. LEXIS 14261, *26 (S.D.Ohio); *Lockhart Chem. Co. v. Moreco Energy*, 1992 U.S.Dist. LEXIS 19404, *14–*15 (E.D.Mich.). Such an approach only adds an extra level of proceedings to the litigation to arrive at the same result achieved directly in *Amoco Oil*, et al., by disallowing joint and several liability in favor of a PRP and limiting the action of a responsible party to one for contribution. Finally, one is contrary to THAN's argument. *See Sand Springs Home*, 670 F.Supp. at 917 (holding that liability between responsible parties was contributory).

THAN argues further that its claims "are direct rather than in contribution *since THAN has never been adjudged liable by any court and has never settled its liability with the government.*" (THAN Opposition at 16 (emphasis in original).) This argument has two infirmities. THAN ignores its Third Claim for Relief, contribution pursuant to CERCLA § 113(f)(1). Second, the identical argument was raised and rejected by *Transtech*, 798 F.Supp. at 1086. As noted by the *Transtech* court, "Under general legal principles, a claim for contribution is one in which one liable party attempts to recover from another potentially liable party for its share of the cost." *Id.* (citing *Northwest Airlines v. Transport Workers Union of Am.*, 451 U.S. 77, 87–88, 101 S.Ct. 1571, 1579, 67 L.Ed.2d 750 (1981)). Having stipulated to its CERCLA liability, it is disingenuous for THAN to argue that it "has never been adjudged liable by any court."

The weight of authority supports the Certain Defendants argument that an action by a CERCLA-liable party against other PRPs is for contribution. The Certain Defendants motion for partial summary judgment is GRANTED.

To the extent this conclusion raises concerns about which parties bear the risk of orphan shares,[7] the following observation applies: the *Chesapeake* court noted that "a plaintiff . . . itself liable under CERCLA, should not benefit from starting the cleanup operation . . . and being first to the courthouse door to sue its confederates in environmental misbehavior," 814 F.Supp. at 1277; the same reasoning applies to non-settling defendants. As in *Chesapeake*, the court "retain[s] jurisdiction over this matter throughout its contribution phase, and will apportion liability in an equitable fashion at that time." *Id.*

## B. Stauffer's Motion

Stauffer seeks partial summary judgment that it is not liable under CERCLA or CHSAA "in so far as those claims are based on allegations concerning Stauffer [Chemical Company's] shipment of Devrinol and Imidan to the THAN Site for toll-formulation. Rhône–Poulenc is the successor-in-interest to Stauffer Chemical Company. Stauffer does not seek summary judgment with respect to the liability of Rhône–Poulenc as successor-

---

**6.** None of these cases are controlling authority.

**7.** Counsel for THAN represented at oral argument on the motion that there is little or no risk of orphan shares in this case.

in-interest to a number of other defendants, whose claims are settling. Stauffer also does not seek summary judgment on THAN's claim that Stauffer is liable as 50% owner and alter ego of defendant Montrose Chemical Corporation of California.

 Stauffer argues that it is not liable under CERCLA for shipments of Devrinol or Imidan to the THAN Site, because the Site does not contain Devrinol or Imidan. In order to be liable as an "arranger" under CERCLA § 107(a)(3), one must have "arranged for disposal or treatment . . . of hazardous substances owned or possessed . . . by any entity, at any facility . . . containing such hazardous substances." 42 U.S.C. § 9607(a)(3). For purposes of this motion only, Stauffer does not dispute that THAN can meet the other required elements for arranger liability.

After thirteen years of testing, no evidence of Devrinol or Imidan have been discovered at the THAN Site. According to the affidavit of Dr. Philip M. Gschwend, Professor of Civil and Environmental Engineering at M.I.T., no byproducts associated with the breakdown of Devrinol or Imidan have been identified at the Site. THAN agrees that no traces of Devrinol or Imidan have been found at the Site. THAN agrees that "it [THAN] is not asserting that Stauffer's toll-formulation of Devrinol and Imidan at the Site independently gives rise to CERCLA liability." (THAN *Notice of Nonopposition* at 3–4.) Stauffer's motion for partial summary judgment that its toll-formulation of Devrinol and Imidan at the Site do not give rise to liability under CERCLA is GRANTED.

Liability under CHSAA requires a finding of liability under CERCLA. Cal.Health & Safety Code § 25323.5(a). Because Stauffer is not liable for the Devrinol and Imidan toll-formulation at the Site under CERCLA, it is not liable for these activities under CHSAA. Stauffer's motion for partial summary judgment that it is not liable under CHSAA for Devrinol and Imidan shipments and toll-formulation by Stauffer Chemical Company to and at the Site is GRANTED.

### V. Conclusion

For the foregoing reasons,

(1) The Certain Defendants motion for partial summary judgment that they are not jointly and severally liable to THAN is GRANTED;

(2) Stauffer's motion for partial summary judgment that it is not liable under CHSAA for shipments by Stauffer Chemical Company to the Site is GRANTED.

Counsel for the Certain Defendants and counsel for Stauffer shall prepare separate orders in conformity with this memorandum opinion and lodge them with the court within five (5) days following date of service of this opinion.

IT IS SO ORDERED.