**Phillip R. BOYCE, Susan E. Boyce, Steven S. Conner, and Carolyn B. Conner, Plaintiffs,**

v.

**George BUMB, and Does 1 through 500, inclusive, Defendants.**

**No. C–96–20327 EAI.**

United States District Court, N.D. California, San Jose Division.

Oct. 16, 1996.

Jeffrey S. Lawson, Reed, Elliott, Creech & Roth, San Jose, CA, for Plaintiffs.

Terry A. Trumbull, Werner, Nabb & Lebourveau, San Jose, CA, for Defendant.

PARTIAL ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' § 9607(a) CLAIMS; BUT CLARIFYING (1) SCOPE OF PLAINTIFFS' CLAIMS; AND (2) REMEDIES AVAILABLE TO PLAINTIFFS

INFANTE, United States Magistrate Judge.

### I. *INTRODUCTION*

Defendant moves to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6), Fed.

R.Civ.P., for failure to state a claim upon which relief can be granted. This partial order concerns *only* Defendant's motion to dismiss Plaintiffs' cost recovery claims under 42 U.S.C. § 9607(a)[1] on the ground that Plaintiffs are limited to bringing a suit for contribution under § 9613(f)(1). Defendant's motion to dismiss Plaintiffs' claims, including the § 9607(a) claims, *on other grounds,* remains under submission with the court. For the reasons set forth below, the motion to dismiss Plaintiffs' § 9607(a) claims is DENIED; however, the scope of these claims, and the remedies available to Plaintiffs, are clarified and limited as set forth below.

## II. BACKGROUND

Plaintiffs' complaint, filed April 26, 1996, alleges violation by Defendant of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"). Cmplt. ¶ 1. Plaintiffs allege that they are the owners of a portion of a seven acre inactive disposal site located in Campbell, California ("the "Campisi Landfill"). Cmplt. ¶¶ 3 & 7.[2] They allege that Defendant George Bumb operated the Campisi Landfill from approximately 1953 to 1959 as a disposal site, and that the site was closed in 1959 or 1960. Cmplt. ¶¶ 4, 7 & 10.

Plaintiffs allege that, in 1989, under the direction of the Regional Water Quality Control Board and the Bay Area Air Quality Management District, the City of Campbell arranged for the preparation of two solid waste assessment test reports. They allege that the reports revealed the presence of hazardous substances at the Campisi Landfill. Cmplt. ¶¶ 11–14. Plaintiffs further allege that the site was supposed to have been used for the disposal of lawn and garden clippings, demolition debris, and other non-hazardous material, and that Plaintiffs were unaware of the alleged contamination prior to the test reports. Plaintiffs allege that, when the site was closed, the waste was covered over with 2–3 feet of gravel, and, thereafter, with 3–5 feet of asphalt. Cmplt. ¶¶ 8, 9 & 16. Plaintiffs allege that the presence of the hazardous substances is the result of the ownership, operation and disposal at the Campisi Landfill by Defendant, and that, "[a]s a result of the contamination caused by defendants, plaintiffs have been required to incur response costs necessary to investigate the nature of the contamination of the property." Cmplt. ¶ 15.[3]

Plaintiffs seek, *inter alia,* to recover from Defendant necessary costs allegedly incurred by Plaintiffs in responding to the release and threat of release of hazardous substances from the Campisi Landfill. Plaintiffs frame their claims for recovery of these costs under § 9607(a) of CERCLA. Plaintiffs also seek declaratory judgment under 42 U.S.C. § 9613(g)(2) of CERCLA and under the Declaratory Judgment Act (28 U.S.C. §§ 2201–2202) that Defendant is solely and entirely liable under CERCLA for all future costs necessary to respond to and abate the release and threat of release of the hazardous substances from the facility. Cmplt. ¶ 1.

## III. STANDARDS

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. For purposes of evaluating a motion to dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir.1990). Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984). However, a complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

1. Plaintiffs first and second claims for relief are based on § 9607(a).

2. According to Plaintiffs' allegations, the land is subdivided and the other current owners of portions of the former site are the American Real Estate Group, Mr. and Mrs. Gary Gillmore, Mr. Manuel G. Moitozo, and the City of Campbell. Cmplt. ¶ 10.

3. Specifically, Plaintiffs allege that they are together responsible for 25% of the cost of one of the test reports. Cmplt. ¶ 11.

would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

As to those portions of a complaint which the court finds do not state a claim for relief, leave to amend is ordinarily given freely. Fed.R.Civ.P. 15(a). A complaint or any claim in it should be dismissed without leave to amend only if "it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) (citations omitted).

## IV. DISCUSSION

Defendant's motion to dismiss Plaintiffs' § 9607(a) claims raises the much-debated question of whether a "potentially responsible party" may bring a cost recovery action under 42 U.S.C. § 9607(a), or is confined to bringing a contribution claim under 42 U.S.C. § 9613(f)(1). A "potentially responsible party" (or "PRP") is one who is itself potentially liable under CERCLA. The question is significant because liability for a cost recovery action pursuant to § 9607(a) is joint and several, while liability for a contribution action under § 9613(f)(1) is merely several and is apportioned by the court based on equitable considerations. *Kaufman and Broad–South Bay v. Unisys Corp.,* 868 F.Supp. 1212, 1214 (N.D.Cal.1994).[4]

Defendant contends that Plaintiffs' § 9607(a) cost recovery claims must be dismissed because Plaintiffs, as current owners of the Campisi Landfill, are PRPs under CERCLA, and, therefore, limited to bringing a contribution claim under § 9613(f)(1). *See* Def.'s Motion at 9–10. Plaintiffs, on the other hand, maintain that § 9613(f)(1), which was adopted in 1986 as part of the Superfund Amendments and Reauthorization Act ("SARA"), does not affect a PRP's standing to bring a cost recovery action under § 9607(a). Plaintiffs alternatively argue that "innocent landowners" of an affected facility may bring an action under § 9607(a). *See* Pltfs.' Opp. at 10–22.

Although the Ninth Circuit has not yet spoken directly on this issue, the First, Fifth, Seventh, Eighth, Tenth, and Eleventh Circuit Courts of Appeal have held that when one liable or potentially liable party sues another liable or potentially liable party, the action is one for contribution, and is governed, for remedies purposes, by § 9613(f)(1). *See United Technologies Corp. v. Browning–Ferris Industries, Inc.,* 33 F.3d 96, 100 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995); *Akzo Coatings, Inc. v. Aigner Corp.,* 30 F.3d 761, 764 (7th Cir.1994); *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1512–13 (11th Cir.1996); *United States v. Colorado & Eastern Railroad Co.,* 50 F.3d 1530, 1536 (10th Cir.1995); *Amoco Oil Co. v. Borden, Inc.,* 889 F.2d 664, 672 (5th Cir.1989); *Control Data Corp. v. S.C.S.C. Corp.,* 53 F.3d 930 (8th Cir.1995); *see also Kaufman,* 868 F.Supp. at 1216. The remaining Courts of Appeal have not yet ruled on the issue, and the decisions of district courts in these undecided circuits, including in the Ninth Circuit, are in sharp conflict. For the reasons set forth below, this court holds that (1) a claim by one PRP against another PRP is a contribution claim which is governed, for remedies purposes, by § 9613(f)(1); and (2) "innocent landowners" may maintain a § 9607(a) claim for full cost recovery.

### A. Actions between PRPs are in the Nature of Contribution

In *United Technologies Corp. v. Browning–Ferris Industries, Inc.,* the First Circuit held that only an "innocent" CERCLA plaintiff may recover its full costs under § 9607(a), while a PRP plaintiff may only seek contribution under § 9613(f)(1) for expenditures which exceed its pro rata share of the overall liability. *See* 33 F.3d 96, 100 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995). In reaching this conclusion, the *United Technologies* Court reasoned that the word "contribution" is a standard legal term that refers to claims " 'by and between jointly and severally liable parties for an appropriate division of the payment one of them has been com-

---

4. The two sections also carry different statutes of limitations. However, the limitations period ap-

parently is not an issue here as no party has raised it.

pelled to make,'" and that this traditional definition "plots the boundary" between § 9607(a) and § 9613(f)(1). *See id.* at 100 (citations omitted). The First Circuit further observed that CERCLA assigns different statutes of limitations to cost recovery actions under § 9607(a) (6 years) and contribution actions under § 9613(f)(1) (3 years). It concluded from this that Congress intended cost recovery actions and contribution actions to be distinct; otherwise, if a PRP was free to initiate an action under either section, the 3–year statute of limitations for § 9613(f)(1) would be meaningless. *See id.* at 101.

Using similar reasoning, other Courts of Appeals have arrived at the same conclusion as the *United Technologies* Court regarding a PRP's standing to bring an action under § 9607(a). In *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir.1994), the Seventh Circuit held that, "[w]hatever label Akzo [a PRP plaintiff] may wish to use, its claim remains one by and between jointly and severally liable parties for an appropriate division of the payment one of them has been compelled to make," and is governed by § 9613(f)(1). The *Akzo* Court explained that, while:

> it is true that section [9607(a) ] permits any 'person'—not just the federal and state governments—to seek recovery of appropriate costs incurred in cleaning up a hazardous waste site ... Akzo has experienced no injury of the kind that would typically give rise to a direct claim under section [9607(a) ]—it is not, for example, a landowner forced to clean up hazardous materials that a third party spilled onto its property or that migrated there from adjacent lands. Instead, Akzo itself is a party liable in some measure for the contamination at the Fisher–Calo site, and the gist of Akzo's claim is that the costs it has incurred should be apportioned equitably amongst itself and the others responsible.

That is a quintessential claim for contribution.

*Id.* (citations omitted). *See also Redwing Carriers v. Saraland Apartments*, 94 F.3d 1489, 1513 (11th Cir.1996) ("[p]arties who are not themselves liable or potentially liable for response costs under [§ 9607(a) ] of CERCLA can bring a cost recovery action directly under [§ 9607(a) ] against potentially responsible parties"); *United States v. Colorado & Eastern Railroad Co.*, 50 F.3d 1530, 1536 (10th Cir.1995) ("any claim that would reapportion costs between [PRPs] is the quintessential claim for contribution," and is governed by § 9613(f)); *Control Data Corp. v. S.C.S.C. Corp.*, 53 F.3d 930, 934 (8th Cir. 1995) (recovery of response costs by a private party under CERCLA is a two-step process—once liability is established under § 9607(a), the focus shifts to equitable allocation which is a contribution claim controlled by § 9613(f)(1)); *Amoco Oil Company v. Borden, Inc.*, 889 F.2d 664, 672 (5th Cir.1989) (current owner of a facility shares joint and several liability for remedial action; "[w]hen one liable party sues another to recover its equitable share of the response costs, the action is one for contribution").[5]

In their opposition, Plaintiffs attempt to distinguish *United Technologies* and *Akzo* on the ground that these cases apply only to plaintiffs who have been compelled, either by a judgment or administrative order, to take remedial action. *See* Pltfs.' Opp. at 19–20.[6] Essentially, Plaintiffs are arguing that, under *United Technologies* and *Akzo*, PRPs who voluntarily undertake cleanup are still free to bring an action for full cost recovery under § 9607(a). This court does not read the holdings of these cases in such a limited fashion. While the particular facts of these cases involved PRPs that were subjected to cleanup liability or ordered by the EPA to take action, the opinions of both the *United*

---

5. Plaintiffs assert in their opposition that the *Amoco* Court held that the PRP plaintiff in that case properly brought a cost recovery action under § 9607(a). *See* Pltfs.' Opp. at 20. However, while the Fifth Circuit apparently allowed the plaintiff's cause of action to proceed under the label "§ 9607(a)," it *expressly* held that the plaintiff's remedies were governed by § 9613(f)(1). *See Amoco*, 889 F.2d at 672–73.

6. Presumably, plaintiffs would distinguish *Redwing Carriers, Colorado & Eastern*, and *Control Data*, all of which involved plaintiffs who undertook remedial action pursuant to administrative orders and/or consent decrees, in the same way.

*Technologies* and *Akzo* Courts, as well as the other Courts of Appeals, contain strong statements that *any* suit between PRPs is in the nature of *contribution,* regardless of how such suits are labeled.

This court recognizes, however, that PRPs who take voluntary action appear to fall outside the statutory framework of § 9613(f)(1). The statute of limitations for actions brought under § 9613(f)(1) is three years from "[1] the date of judgment in any action under this chapter for recovery of such costs or damages, or [2] the date of administrative order ... or entry of a judicially approved settlement with respect to such costs or damages." *See* § 9613(g)(3). A "volunteer" PRP falls under none of these categories. Recognizing this problem, the First Circuit suggested in *United Technologies* that a "volunteer" PRP might be able to pursue an implied right of action for contribution under § 9607(a). *See* 33 F.3d at 99 n. 8 (quoting Supreme Court's statement in *Key Tronic Corp. v. United States,* 511 U.S. 809, ——, 114 S.Ct. 1960, 1966, 128 L.Ed.2d 797 (1994), that CERCLA now "expressly authorizes a cause of action for contribution in [§ 9613] and impliedly authorizes a similar and somewhat overlapping remedy in [§ 9607]"). However, the *United Technologies* Court declined to decide the issue because the plaintiff before it was not a "volunteer" and, therefore, fell within the statutory framework of § 9613(f)(1). *See* 33 F.3d at 99 n. 8.

Whether Plaintiffs' claims fall under § 9607(a) as implied contribution claims or under § 9613(f)(1) as express contribution claims is, in this case, a distinction without meaning. "[R]egardless of how it is plead, this action is one for contribution, and consequently, defendant faces several liability" under § 9613(f)(1). *City of Fresno v. NL Industries, Inc.,* 1995 WL 641983, at *4 (E.D.Cal.1995); *see also Catellus Develop-*

*ment Corp. v. L.D. McFarland Co.,* 910 F.Supp. 1509, 1516 (D.Or.1995) ("[t]here is little practical effect of this distinction because the substance of Plaintiffs' action is one for contribution under CERCLA"). Thus, however Plaintiffs wish to label their claims, this court views the substance of the action as one for contribution, and will equitably apportion liability under § 9613(f)(1). *See Akzo,* 30 F.3d at 764 ("[w]hatever label [plaintiff] may wish to use," its claim remains one for contribution); *Colorado & Eastern,* 50 F.3d at 1536 (same).[7]

The Ninth Circuit's decision in *In re Dant & Russell, Inc.,* 951 F.2d 246 (9th Cir.1991), while not directly addressing the issue of PRP standing to maintain cost recovery actions under § 9607(a), suggests that the Ninth Circuit is in accord. In *In re Dant,* the plaintiff, a PRP, cleaned up an industrial site at the order of the EPA. The plaintiff then filed a proof of claim in the bankruptcy case of a co-PRP claiming a right to full reimbursement under § 9607(a) for costs incurred and for costs of future cleanup. The bankruptcy court allowed the claim, but apportioned damages between the plaintiff and the bankrupt. *See id.* at 247. The Ninth Circuit rejected the plaintiff's argument that, once the bankruptcy court upheld the plaintiff's CERCLA claim, it had no choice but to ascribe full liability to the bankrupt. The Ninth Circuit expressly stated that "[t]his assertion reaches too far," finding that the contribution provisions of § 9613(f)(1) applied because (1) the plaintiff had acknowledged that it had CERCLA liability itself; (2) the action was a civil action under § 9607(a); and (3) the bankrupt was arguing that the plaintiff should contribute to the cleanup operations. *See id.* at 249. Because the Ninth Circuit did not elaborate on the significance of these three factors, its position on the relationship between § 9607(a) and

---

**7.** The potential significance of the distinction between an implied contribution action under § 9607(a) and an express action under § 9613(f)(1) lies in the issue of which statute of limitations applies to the implied contribution claim—the six year period applicable to § 9607(a) or the three year period applicable to § 9613(f)(1). However, no party here has raised any statute of limitations issues. Because this court does not wish to decide open issues of statutory interpretation that are not necessary to resolution of this case, the court takes *no* position on whether an implied right of contribution exists under § 9607(a), or, if one does, on which limitations period applies. The court merely permits Plaintiffs to proceed with their contribution claims under the label "§ 9607(a)" with the understanding that liability is merely several and will be apportioned under § 9613(f)(1).

§ 9613(f)(1) is not entirely clear. However, the *In re Dant* decision at least implies that a suit between PRPs is a suit for contribution governed by § 9613(f)(1).[8]

### B. *"Innocent Landowners" May Bring Cost Recovery Actions Under § 9607(a)*

■ Plaintiffs may maintain a § 9607(a) claim for full cost recovery to the extent that they can prove themselves to be "innocent landowners" within the meaning of § 9601(35) and § 9607(b).[9] The Courts of Appeals have recognized that "innocent" parties may bring cost recovery actions under § 9607(a). In *United Technologies*, the First Circuit expressly stated that "innocent parties—not parties who [are] themselves liable—[are] permitted to recoup the whole of their expenditures [under § 9607(a)]." *See* 33 F.3d at 100. Similarly, the Seventh Circuit in *Akzo* stated that "a landowner forced to clean up hazardous materials that a third party spilled onto its property or that migrated there from adjacent lands" has experienced the type of injury that gives rise to a § 9607(a) cost recovery action. *See* 30 F.3d at 764. Most recently, the Eleventh Circuit, in *Redwing Carriers*, confirmed that "[p]arties who are not themselves liable or potentially liable for response costs under [§ 9607(a)] of CERCLA can bring a cost recovery action directly under [§ 9607(a)] against potentially responsible parties." *See* 94 F.3d at 1513. Although Plaintiffs here are presumptively PRPs by virtue of their

current ownership of the Campisi Landfill, they are free to maintain a cost recovery action under § 9607(a) if they can prove themselves to be non-responsible "innocent landowners" within the meaning of § 9601(35) and § 9607(b). *See Kaufman,* 868 F.Supp. at 1216.[10]

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' claims under § 9607(a) is DENIED; however, the scope of Plaintiffs' claims is limited as follows: (1) regardless of how Plaintiffs' claims are labeled, the claims are ones for contribution, and, thus, are governed, for remedies purposes, by § 9613(f)(1); and (2) to the extent that Plaintiffs can prove themselves to be "innocent purchasers," they may maintain claims for full cost recovery under § 9607(a).[11]

IT IS SO ORDERED.

---

8. Plaintiffs' citation to other CERCLA cases decided by the Ninth Circuit after the adoption of SARA sheds no light on the Ninth Circuit's position on the relationship between § 9607(a) and § 9613(f)(1). In none of these cases, all of which pre-date *In re Dant,* did the Ninth Circuit address the issue of what remedy is appropriate when PRP sues another. *See 3550 Stevens Creek Assoc. v. Barclays Bank,* 915 F.2d 1355 (9th Cir.1990); *Cadillac Fairview/California v. Dow Chemical Co.,* 840 F.2d 691 (9th Cir.1988); *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149 (9th Cir.1989). In addition, Plaintiffs' quotation of some of the legislative history of SARA does not aid the court in its determination of this issue. This history selected by Plaintiffs does not address whether a PRP can sue under § 9607(a).

9. Plaintiffs have adequately alleged in the complaint that they are "innocent landowners." Cmplt. ¶¶ 9 & 16. Whether or not Plaintiffs actually are "innocent" of liability is a factual matter.

10. The "innocent landowner" provisions of § 9601(35) and § 9607(b) are, technically, affirmative defenses in § 9607(a) suits. However, this court believes that these provisions set forth the appropriate analysis for determining whether a current landowner, who is presumed to be a PRP under § 9607(a), is free from liability, and, thus, able to bring a § 9607(a) cost recovery action. *See Kaufman,* 868 F.Supp. at 1216.

11. As noted *supra* at 4, liability for cost recovery claims under § 9607(a) is joint and several.